81   553
106  ²324

## F. W. Reno, for the use of, etc., v. A. C. Woodyatt and C. F. Hemenway.

1. REPLEVIN—*Liability on the Bond.*—Until property is taken under a replevin writ, there is no liability on the bond.

2. SAME—*No Liability where no Return of the Property is Awarded.* —A judgment in a replevin suit which does not award a return of the property taken, imposes no liability upon the sureties on the replevin bond.

3. SAME—*Trover—Where the Officer Fails to Find the Property.*— Where the officer fails to find the property the suit in replevin is necessarily at an end. The plaintiff has his election, under the statute, to proceed in trover, and the practice and rules pertaining to the action in replevin are no longer applicable.

4. ATTORNEY FEES—*Where Sureties are Not Liable for.*—In an action upon a replevin bond where the writ of replevin in the original suit was not wrongfully sued out, the sureties on the bond are not liable for the attorney fees to the defendant in the replevin suit.

**Debt**, on a replevin bond. Trial in the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Verdict and judgment for defendant by direction of the court; appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

JOHN LOONEY, attorney for appellant.

Where the bond is conditioned " for the payment of all costs and damages occasioned by the wrongful suing out " of the writ, attorney fees may be recovered. Harts v. Wendell, 26 Ill. App. 274, 33 Ill. App. 634.

WOOD & PEEK, attorneys for appellees.

No liability (except for costs) existed at common law for bringing an unsuccessful suit in trover. The suit in which the replevin bond was given became, on the failure of the officer to find the property, a suit in trover; the replevin feature had entirely terminated, without damage to defendant, consequently there is no liability in the bond, which became, on the return of the replevin writ "property not found," *functus officio*.

The statute permitting plaintiff to declare in trover for property not found (Ch. 119, Sec. 18, R S.) does not

abolish the distinction between replevin and trover, nor the practice in said actions. Nelson v. Bowen, 15 Ill. App. 478; Yott v. People, 91 Ill. 12; Udell v. Slocum, 56 Ill. App. 218.

The action of replevin lies, at both common law and under the statute, for the recovery, *in specie*, of goods or chattels which have been wrongfully taken or which are wrongfully detained. Bacon's Abridgment, *vide* Replevin, Vol. 8, p. 525; Revised Statutes, Ch. 119, S. & C., Vol. 3, p. 3373.

The action of trover lies to recover the value of goods or chattels wrongfully converted by the defendant.

These two actions, and the procedure thereunder, were at common law, and still are, entirely dissimilar in their origin, nature and scope; *e. g.*, the plaintiff in a replevin suit, seeking to recover property *in specie*, was always required to furnish bond conditioned primarily on the return of the property, if return thereon should be awarded. Bacon's Abridgment, *vide* Replevin, Vol. 8, p. 525; Amer. & Eng. Ency. of Law, Vol. 20, p. 1040.

Mr. Presiding Justice Dibell delivered the opinion of the court.

A. C. Woodyatt brought an action of replevin against John Gibson, Frank H. Kelly and Isaac Parry for a piano, and gave a replevin bond to T. W. Reno, the constable, to whom the writ was delivered. The property was not found. The writ was read to Gibson and Kelly. The original and an alias writ were returned not found as to Parry. The action proceeded in trover and there was a judgment against Gibson for $200 damages, and discharging Kelly. Kelly brings this suit upon the replevin bond to recover his attorney's fees in defending the suit. At the close of the evidence for plaintiff the court instructed the jury to find for defendants. The only question before us is whether in such a case the sureties on the replevin bond are liable for attorney's fees of a defendant. The condition of the bond in suit conformed to the requirements of section 10 of the replevin act. The result shows the writ was not wrongfully sued out, but that Gibson wrongfully took the piano, and

Reno v. Woodyatt.

that Woodyatt was entitled to its possession if it could be found. If the piano had been found the judgment would have been that plaintiff was entitled to its possession. If therefore the property had been found the judgment must have been such that no liability upon the bond would have remained. There could have been no judgment for the return of the property. But no property was found, and till the actual taking of the property under the writ there could be no liability on the bond. (Wells on Replevin, Sec. 425; Nickerson v. Chatterton, 7 Cal. 568.) A judgment in a replevin suit which does not award a return does not impose any liability upon the sureties on the replevin bond. (Cobbey on Replevin, Sec. 1311.) When the officer failed to find the property the suit in replevin was necessarily at an end. Our statute allowed plaintiff, at his election, to proceed in trover. This was practically a change in the form of the action. (Udell v. Slocum, 56 Ill. App. 216.) Thereafter the practice and rules pertaining to an action in replevin were no longer applicable. As said in the Udell case, *supra*, an affidavit in replevin was no longer necessary after the change to trover. Suppose after this case had been turned into an action of trover, defendants had shown the security upon the replevin bond was insufficient, or that the terms of the bond did not comply with the statute; would defendants have had the right to compel the plaintiff to give another bond? It seems plain to us they would not, because it was no longer a replevin suit, and no bond is required in an action of trover. We are of opinion it was not the intent of the statute that the replevin bond should secure costs and attorney's fees in the action of trover following a failure to obtain any of the property on the writ. It may be the bond would secure the constable for his legal fees in attempting to find the property, but that question is not involved here. The legal services for which this suit is brought were all rendered after the suit had ceased to be an action of replevin by the return that the property was not found. The court below correctly held that the evidence did not show a liability upon the bond.

The judgment will be affirmed.