## Anna B. Gilmore, Appellant, v. Joseph E. Bidwell, Jr., Clerk, Appellee.

### Gen. No. 20,294.

1. JUDGMENT, § 360*—*when collateral attack not allowed.* The jury, in a suit in the Circuit Court of Cook county, by an administrator, to replevy certain shares of stock claimed for the estate, found that the right of possession was in the administrator, and assessed one cent as damages "for detention of said property." Judgment was entered on the verdict that "the plaintiff do have and retain the property replevined herein by virtue of the writ of replevin issued in said cause," and that plaintiff recover his damages "in form as aforesaid by the jury assessed." By an order entered *nunc pro tunc* in the cause, the court directed that the certificates, which had been introduced as evidence in the cause, be impounded in the hands of the clerk of the court subject to its further order. Thereafter the defendant in that cause made demand of the clerk for the certificate and upon his refusal to deliver, filed an affidavit of replevin. The writ was returned by the sheriff unexecuted, and thereafter defendant filed a declaration in the Superior Court of Cook county joining counts in trover. The defendant in the second suit pleaded a part of the matters recited above and the plaintiff, by replication, set up the same and additional matter of fact and also matters or conclusions of law derived therefrom. To this replication plaintiff demurred on the ground that plaintiff was attempting in a collateral proceeding, involving the same subject matter, to attack the judgment of a court of concurrent jurisdiction and the jurisdiction of such court in the proceeding. It was *held* that the demurrer was properly sustained and judgment properly rendered for defendant.

2. REPLEVIN, § 32*—*when officer of court not subject to.* Where an officer of the Circuit Court holds a certificate of stock in his official capacity under the order of the court, replevin for it will not lie against him in a court of concurrent jurisdiction.

Appeal from the Superior Court of Cook county; the Hon. RICH-ARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915. Petition for *certiorari* dismissed by Supreme Court.

**Statement by the Court.** July 26, 1911, one John F. Devine, as administrator with the will annexed of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Orrin F. Place, deceased, began a replevin suit in the Circuit Court of Cook county against Anna B. Gilmore. The property to be replevied was six certificates of shares of stock in the Saratoga Gold Mining Company of Arizona. The replevin writ was issued and returned by the sheriff with this indorsement:

"The plaintiff giving security as per bond hereto annexed, I have executed the within writ by reading the same to the within named defendant, Anna B. Gilmore, on the 27th day of July, 1911, and demanded of her that she turn out the within described property, which she refused to do, and being unable to find the said property, which in my custody, I return this writ not executed as to the within described property this 21st day of August, 1911.

MICHAEL ZIMMER, Sheriff,
by Joel N. Arnett,
Deputy."

The plaintiff filed in the Circuit Court a declaration containing counts both in replevin and trover.

This cause came on for trial in June, 1912, in the Circuit Court of Cook county before Judge Tuthill of that court, sitting with a jury. In response to a notice in writing served upon the attorneys of Anna B. Gilmore, she produced during said trial, in open court, the stock certificates involved, to be used as evidence. They were offered by the plaintiff in evidence and admitted in evidence. Afterwards, at the request of the plaintiff and over the objection and exception of the defendant, Judge Tuthill orally directed that said certificates be delivered by the plaintiff to Joseph E. Bidwell, Jr., as clerk of the Circuit Court of Cook County, Illinois, for safe-keeping. The judge did not make any memorandum of his said oral order, but in compliance with said oral order the said stock certificates came into the possession of and were impounded in the hands of the defendant as clerk of the Circuit Court of Cook county and have since there remained.

On June 27, 1912, the same being one of the days of the June term, the jury returned a verdict in said cause in the following words:

"We, the jury, find the defendant guilty and that the right to the possession of the property in question is in the plaintiff as administrator of Orrin F. Place, deceased, and assess the plaintiff's damages for detention of said property at the sum of no dollars and one cent."

July 13, 1912, also a day of the June term, 1912, of the Circuit Court, a motion for a new trial and a motion in arrest of judgment were made by Anna B. Gilmore and overruled by the court. On the same day a judgment was entered by the Circuit Court as follows:

"Wherefore it is considered by the Court that the plaintiff do have and retain the property replevined herein by virtue of the writ of replevin issued in said cause, and do have and recover of and from the defendant his damages of one cent in form as aforesaid by the jury assessed, together with his costs and damages in this behalf expended, and have execution therefor."

An appeal from this judgment was prayed by Anna B. Gilmore and allowed, but no appeal or writ of error has been prosecuted therefrom.

On July 26, 1912, one of the days of the July term, 1912, of the Circuit Court, Judge Tuthill caused an order to be entered of record in said cause in the following words:

"T. N. 10460

G. N. 307428

JOHN F. DEVINE, Admr.

v.

ANNA B. GILMORE.

In the Circuit Court of Cook County, Illinois.

It is hereby ordered that the certificates of stock in the Saratoga Gold Mining Company of Arizona issued to Orrin F. Place as follows: (*Here follows a description of the certificates involved in the action*) "introduced as evidence in the above entitled case be and the same are hereby impounded in the hands of the Clerk of this Court for safe-keeping and as evidence

and be retained by said Clerk until the further order of this said Court.

It is further ordered that this order, the same having been virtually made in said case, on the 13th day of July, 1912, be now entered *nunc pro tunc* as of said 13th day of July, 1912.

R. S. TUTHILL, Judge.

July 26, 1912.''

July 24, 1912, Anna B. Gilmore had made a demand in writing upon Bidwell as clerk for said certificates, and on July 25, 1912, the day before the entry of the above quoted *nunc pro tunc* order, an affidavit for replevin was filed in the Superior Court of Cook county by Anna B. Gilmore, alleging that she was the owner of the stock certificates in question; that on June 26, 1912, Joseph E. Bidwell, Jr., as clerk of the Circuit Court of Cook county, had wrongfully taken them and at the time of the affidavit wrongfully detained them. A writ of replevin was issued and a bond filed with the sheriff on said June 25, 1912.

The sheriff made a return on the writ August 5, 1912, that he had served it on July 25, 1912, on Joseph E. Bidwell, Jr., as clerk of the Circuit Court of Cook county, and demanded of him that he turn out the property named therein, and that Bidwell refused to do so; wherefore, being unable to find the property, the sheriff returned the writ not executed as to the within described property.

August 6, 1912, the plaintiff in this last mentioned suit, Anna B. Gilmore, filed her declaration in the Superior Court in replevin, joining counts in trover.

The defendant, Bidwell, pleaded a part of the above recited matters, and the plaintiff, Anna B. Gilmore, by replication set up the same and additional matter of fact and many matters or conclusions of law derived therefrom by her. To this replication the defendant, Bidwell, as clerk, etc., demurred generally and specially. For special causes of demurrer he alleged that the verdict before described made an adjudication

against the plaintiff, Anna B. Gilmore, and her privies; that the plaintiff was,

"attempting in a collateral proceeding to attack the verdict of a jury, judgment of a court and orders of a court of concurrent jurisdiction with the Superior Court of Cook County, Illinois, in which suit the plaintiff herein was a party defendant, which verdict, judgment and orders are final and conclusive upon the plaintiff and involve the identical subject-matter involved in the suit at bar;"

that the plaintiff was attempting in a collateral proceeding to correct certain irregularities of form in a verdict and judgment of the Circuit Court of Cook county in a suit involving the identical subject-matter involved in the suit at bar, and to attack the jurisdiction of said Circuit Court in said case.

The Superior Court sustained the demurrer of the defendant, the plaintiff stood by her replication, judgment in the action was given for the defendant, the plaintiff appealed and the appeal is before this court for disposition.

JOHN T. BOOZ, for appellant.

BEACH & BEACH and FRANCIS S. WILSON, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The facts set forth in the prefixed statement—facts alleged in the pleadings and admitted by the demurrer—are such that no argument, however ingenious and plausible, can conceal or controvert the truth of the proposition that what the Superior Court of Cook county was asked to do in the case at bar was not only to overrule the intent of the judgment and orders of a court of co-ordinate jurisdiction, but even to use the action of that court—contrary to its clear purpose—as a pretext for effecting a result which the Circuit Court supposed it had negatived. It can hardly be ex-

pected that this court will be astute to find reasons to compel the Superior Court to do so.

The administrator of the Place estate had a dispute with Anna B. Gilmore regarding the possession of and, presumably, the title to certain certificates of stock in an incorporated company, covering about 400,000 shares. He submitted the dispute to the Circuit Court of Cook county, bringing Anna B. Gilmore into that tribunal in a suit begun in replevin. There was a trial; a jury found expressly that "the right of possession of the property in question" was in the administrator of the Place estate, and assessed as damages *"for detention of said property"* the sum of one cent.

The Replevin statute says: "If judgment is given for the plaintiff in replevin, he *shall* recover damages for the detention of the property while the same was wrongfully detained by the defendant,"—a provision which sufficiently explains and accounts for the form of the verdict and the nominal damages.

*On this verdict* the Circuit Court entered a judgment. It was that *"the plaintiff"* (that is, the administrator aforesaid) *"do have and retain* the property replevied herein by virtue of the writ of replevin issued in said cause." There is also a provision that the plaintiff have and recover his damages "of one cent *in form as aforesaid* by the jury assessed."

The intention of both judge and jury in the Circuit Court to decide the dispute concerning the *right to possession* of the stock certificates at the time of the verdict and judgment, as well as at the time the suit was brought, is just as plain as though the property in question at the time had been in the possession of the sheriff under the replevin writ, or in the possession of the plaintiff to whom the sheriff had delivered it. It is hardly rendered plainer even by the order of the court at the time of the judgment from which an appeal was prayed and allowed, that the certificates should, until the further order of the court, be impounded with its clerk.

But the appellant in the case at bar says the effect of these actions of the Circuit Court was to make her right to the certificates absolute, requiring only application to a court of co-ordinate jurisdiction to effectually vindicate it. Her argument is: "Because I refused to deliver the certificates to the Sheriff, (although I did thereafter to the Clerk) the administrator of Place must be conclusively presumed to have abandoned his replevin suit and by going on with the suit at all to have elected to proceed in trover,—inasmuch as he joined trover counts with the replevin ones in his declaration and the statute says that if the property is not found by or delivered to the Sheriff, the plaintiff *may* declare in trover, and if he recover therein shall be entitled to judgment for the value of his property. Then, since the plaintiff elected to proceed in trover, the verdict, contrary to its express words, must be considered a verdict in trover and the damages for the detention be considered an assessment of the value of the property, everything in the verdict to the contrary of this hypothesis to be considered a superfluity or an irregularity and negligible.

The judgment on this verdict is also to be considered as a judgment in trover, changing the title and vesting it in me, although said judgment is plainly in its form a judgment in replevin, just as the verdict was a verdict in replevin, and although the money part of it was purely nominal and although it was accompanied by an order impounding the certificates (which had appeared on the trial) with an officer of the Court.

That the end may crown the work, it is proposed to vindicate the legal right that the Circuit Court has thus, contrary to its undeniable intention, given to Anna B. Gilmore, by securing a judgment of the Superior Court in her favor in an action of replevin against an officer of the Circuit Court, and, as he has refused to deliver up the certificates, by mulcting him in their value (for the theory which Gilmore invokes

in *Devine v. Gilmore* must be good in *Gilmore v. Bidwell*) which we may suppose will be put at a much higher figure than one cent in the estimates of the plaintiff in *Gilmore v. Bidwell*.

The result aimed at is not agreeable to our sense of justice and we think the reasoning sophistical.

We are not prepared to hold that the plaintiff in *Devine, Adm'r v. Gilmore* "elected to proceed in trover" or that the verdict or judgment was in trover; and we are not of the opinion that the opinion in the criminal contempt case of *Yott v. People,* 91 Ill. 11, nor the decision in *McGavock v. Chamberlain,* 20 Ill. 219, that the plaintiff could not at the same time recover the value of some horses, the subject of a suit prosecuted in trover, and also damages for their detention, compels us to do so.   The incidental language in the opinions in *Reno v. Woodyatt,* 81 Ill. App. 553, and *Rowersock v. Beers,* 82 Ill. App. 396, would not of course be binding or authoritative for us even were it more important.

The action in the Superior Court is an attempt not, as counsel argues, to render effective the judgment of a co-ordinate court, but to set it aside and overrule it. The only proper way to attack that judgment is by an appeal from a writ of error to the court which entered it.   The Superior Court, on this ground if no other, was right in sustaining the demurrer to the plaintiff's replication in the case at bar and giving judgment for the defendant.

But there are other reasons why that action was right.   We do not purpose to discuss the arguments made in the matter of the orders of Judge Tuthill under which the certificates are held by the clerk of the Circuit Court.   We think that he received them and holds them in his official capacity under the order of the Circuit Court.   Therefore replevin will not lie against him for them.   If his holding is essentially wrongful, it should be ended by an application to the court which ordered it, or to some higher court, not to

a co-ordinate one. As the Supreme Court of Kansas said in *Karr v. Stahl,* 75 Kan. 387: ''Ample remedy has been given for testing the validity of any law, process or judgment without recourse to an action of replevin.''

The judgment of the Superior Court is affirmed.

*Affirmed.*