HUGH McGAVOCK, Paintiff in Error *v.* PORTER E. CHAMBERLAIN, Defendant in Error.

ERROR TO WINNEBAGO.

Where an action is commenced in replevin, but is changed to trover under the authority of the statute, the rule of damages which governs in actions of trover will control.

THE action in the court below was replevin for a span of horses and a set of harness.    The writ of replevin was issued to the sheriff on the 27th day of June, 1857, and the following return made thereon by him: "June 27, 1857.    The within named Porter E. Chamberlain refused to deliver up the within described property, and thereupon I served the within by reading the same to the aforesaid Chamberlain, as I am therein commanded."

On the 14th day of September, 1857, the plaintiff filed his declaration in said action in trover and claimed damages to the amount of four hundred dollars.

The defendant pleaded not guilty, and issue was joined thereon.

At the February term, 1858, the cause was submitted to the court for trial, without a jury. The said plaintiff, to maintain the issue on his part, read in evidence a stipulation signed by the attorneys of the respective parties, as follows:

" It is hereby stipulated that the property in question in this action, to wit: Two horses and one set of harness, was, on the 23rd day of June, 1857, at said county, wrongfully taken by the said defendant from the possession of the plaintiff, the same being the property of the said plaintiff, and wrongfully converted to his, the defendant's, own use, and that the said property was, on that day, of the actual value of two hundred dollars, and that the use of said property was worth fifty cents per day from the time of said conversion to this day, above expenses and depreciation."

And thereupon, without other or further evidence, rested his case. And the defendant, without introducing any evidence, rested his case. And the court, SHELDON, Judge, presiding, found the said defendant guilty, and assessed the plaintiff's damages at two hundred and ten dollars. And the said plaintiff, by his counsel, moved the court for a new trial.

1st. The damages of the plaintiff were assessed at too small a sum by the court.

2nd. The assessment of damages by the court was not in accordance with the law and the evidence.

The court overruled the said motion. And judgment was thereupon rendered in favor of the plaintiff for two hundred and ten dollars and costs.

J. WIGHT and P. SHELDON, for Plaintiff in Error.

J. MARSH, for Defendant in Error.

CATON, C. J. This action was commenced by issuing a writ in replevin, upon which the sheriff was unable to seize the articles mentioned in the writ and deliver them to the plaintiff. The plaintiff then filed a declaration in trover, upon which an issue was regularly formed, and the cause tried. Upon the trial the plaintiff claimed to recover for the use of the articles, as in an action of replevin, but the court held that the rule of damages which governs in actions of trover should be applied, and so instructed the jury, and this presents the only question in the case.

The second section of the act of 1851, under which this trial was conducted, is as follows:

" In such action of replevin, in case the property named in the writ shall not be found or replevied, or shall not have been

delivered as aforesaid, and the defendant shall have been summoned as aforesaid, the plaintiff may file his declaration in trover, and the cause shall be heard and determined as other actions of trover; and the plaintiff, if he shall recover, shall be entitled to judgment and execution for the value of such property, or of his interest therein, and such damage as he shall have sustained by reason of the wrongful taking or detention thereof, together with the costs of suit."

The question is, whether the legislature intended, by this section, that the action should substantially be converted into trover and be governed by the rules of law applicable to such actions, or whether it is still to be considered an action of replevin and controlled by rules peculiar to that form of action.

In our opinion, it must be tried and treated as an action of trover. Indeed, the statute so declares, in express terms. "It shall be heard and determined as other actions of trover." In actions of trover it would be an unheard-of thing to allow the plaintiff to recover fifty cents per day for the use of a horse, for the time between the taking and conversion and the filing the declaration. That rule of damages is peculiar to replevin. By changing his form of action into trover, the plaintiff elects to treat the wrongful act of the defendant as a conversion, and thereby declares that by the conversion the title vested in the defendant. In replevin, the title is considered as not having passed to the defendant; while it is otherwise in trover. If the plaintiff elects to treat the title to the property as having passed, he cannot claim for the use of it, as if it were still his. It is only while it is his property, that he can claim compensation for its use. We think the court decided properly, and its judgment must be affirmed.

*Judgment affirmed.*