Miles P. Odell *et al.*, Plaintiffs in Error, *v.* James H. Hole, use of Abraham Virgin, Defendant in Error.

ERROR TO MASON.

In an action on a replevin bond, the jury should find the amount of both the debt and damages, and upon such a verdict the court should render a judgment for the debt thus found, and award execution for that sum, with directions, to be indorsed thereon, that the amount of the damages should be alone collected.

In an action of replevin, the plaintiff may recover, as damages, the value of the use of the property while it is detained, but he cannot recover for the natural depreciation in value of a horse while in the possession of the defendant.

But the defendant is bound to take reasonable care of the property, and is liable for any default in performing that duty.

This was an action of debt, commenced in the Mason Circuit Court, by summons returnable to the Circuit Court of Mason county, wherein the debt was claimed to be $750, and damages $750, which said summons was returned served on Mathew Tomlin and James J. Pelham, two of the defendants.

And on the 9th day of April, 1858, the defendant in error filed his amended declaration, containing two counts. The first claims debt of $750, and is in substance as follows:

That on the 26th day of February, 1856, at Mason county, Illinois, Miles P. Odell caused a writ of replevin to issue from the Mason Circuit Court, against Abraham Virgin, to recover the possession of one chestnut-sorrel mare, about eleven years old, worth $75; one chestnut-brown mare, about five years old, star in the forehead and hind feet white, of the value of $150; and a sorrel mare, four years old, worth about $130; and delivered the said writ to defendant in error, he being sheriff of said county, and that the said defendant in error thereupon took a bond, as provided by statute, from the said Miles P. Odell, principal, and James J. Pelham and Mathew Tomlin, securities, in double value of the said goods and chattels, under their hands and seals, dated February 26th, 1856, whereby they bound themselves to defendant in error in the sum of $750, to be paid when requested, conditioned that the said Miles P. Odell

should " prosecute his suit against said A. Virgin to effect, and without delay, and make return of said property so about to be replevied, if return hereof should be awarded, and save and keep harmless the said sheriff in replevying the said property; then the obligation was to be void, otherwise to remain in full force;" and that, on the said 26th of February, 1856, the said sheriff replevied from the said Virgin, and delivered to the said Miles P. Odell, a chestnut-sorrel mare, eleven years old, and a chestnut-brown mare, five years old—part of property above described. And that at the October term, 1856, of said county, to which time the cause had been continued, said Miles P. Odell, by his declaration, declared against the said Abraham Virgin in a plea, wherefore he unjustly detained the said goods and chattels, and by the said declaration, the said Miles P. Odell complains that the said Abraham Virgin, at Big Grove, on the 1st day of January, 1856, in said county, unlawfully detained the cattle of said Miles .P. Odell, (above described), and unjustly detained the same, to the damage of $100. And that at the same October term, 1856, the said Abraham Virgin came and plead: 1st, Non detinet. 2nd, That the mares were not the property of the then plaintiff, Miles P. Odell. 3rd, Property in himself. 4th, That the unlawful detention complained of was committed more than five years before the commencement of the then pending suit, and that such proceedings were had thereon, that at the same term the court awarded a return and gave judgment against the then plaintiff for costs; and that the said Miles P. Odell failed to return the mares replevied—whereby, etc., an action accrued to demand $750, above demanded.

The second count is just like the first, except that in the second, the defendant in error pretends to set out the alleged bond *in hæc verba;* and declaration concludes, demanding $750 debt, and $750 damages.

Two of the plaintiffs in error, J. J. Pelham and Mathew Tomlin, by their attorneys, Walker and Lacey, pleaded, 1st, That the said writing obligatory was not their deed. 2nd, Nul tiel record; on both which pleas issue was joined. 3rd, That they returned the property; to which third plea defendant in error joined issue. 4th, That said Tomlin and Pelham, as to the young mare, five years old, pleaded that after the execution of the bond, and before return was ordered, sickened and died, without fault or negligence on the part of Odell; on which, issue was joined.

A jury was impanneled to try the cause, and being sworn, and hearing the testimony, brought in a verdict in following form: " We, the jury, find for the plaintiff (defendant in error), the

sum of $175, part of the debt in the declaration mentioned."
It was therefore ordered by the court, that the said plaintiff
(defendant in error), recover of the said defendants the sum
aforesaid, and also his costs in this behalf expended. Motion
made for a new trial, and overruled; the defendant excepting,
prayed an appeal to Supreme Court.

On the trial, the plaintiff offered in evidence affidavit in the
replevin suit, summons in the replevin suit, and return of the
sheriff replevying and delivering the chestnut-sorrel mare and
chestnut-brown mare to Miles P. Odell, 26th February, 1856;
and the record showing the following order of the court, October
28, 1856:

" Now, on this day comes the parties herein; and the plaintiff,
by his attorney, files his demurrer to plea number four, filed
herein; the same being heard by the court, the demurrer is
overruled, and the plaintiff saying nothing more, the court doth
consider that the defendant have return of the property and
judgment for costs."

The plaintiff then proved by two witnesses that the old mare,
at the time of replevying the same, was worth $100; that the
young mare, at the time of replevying, was worth from $150 to
$200; that the use of the old mare was worth twenty-five cents
a day from time of the judgment in the replevin suit until the
same was returned, and that the old mare was in better condi-
tion when replevied than when returned; that the old mare,
from the time she was replevied to the time she was returned,
deteriorated in value $25. All of which was objected to by
the defendants, and objection overruled, and the defendants
excepted.

Defendants proved by *John Keef*, that the young mare was
driven to Pekin and back to Delavan the same day, a distance
of eighteen miles. That she seemed well on the return, but
that about one or two hours afterwards she was taken sick, and
although medicine was given her, and she was worked over
until eleven or twelve o'clock, when witness went to bed, that
she died that night.

*W. F. Auxier* testified: That he went about 22nd November,
1856, with Mathew Tomlin, one of the defendants who delivered
the old mare and a mule, called at the residence of Virgin, and
that one of Virgin's sons took the mare and turned her into a lot.

The plaintiff (defendant in error), asked the following instruc-
tions:

1st. The plaintiff asks the court to instruct the jury, that
unless the defendants have established and proved, to the
satisfaction of the jury, that the said mares described in the
declaration, were returned to the said plaintiff, or that the said

Odell et al. *v.* Hole, use, etc.

defendants have established, by a preponderance of evidence,
that they died without the fault, negligence or carelessness of
the defendants, they will find for the plaintiff, and assess his
damages at the value of said mares.

2nd.    That the burthen of proof in this case rests upon the
defendants to prove to the satisfaction of the jury, that the mare
died without any carelessness, negligence or remissness on the
part of the defendants or any other person entrusted by them
with said property; and that unless the said defendants have
made such proof, or that they have returned said mare, then the
said plaintiff is entitled to recover in this action the value of
said mare.

3rd.    That in relation to the old mare which was returned,
the plaintiff is entitled to recover in this kind of an action, such
damage as he may have sustained by the depreciation in value
which has taken place, while the said mare was in the possession
of Odell.

4th.    That the Circuit Court, having heard and rendered
judgment in the replevin suit, and ordered the return of said
property, the said defendants are, by the judgment of the court,
precluded from setting up any claim to the property in this suit
thus ordered to be returned. But for the purposes of this suit,
the said plaintiff is to be esteemed as the true owner of said
mare, and entitled to have them returned, and unless the said
defendant has proved that one of the said mares was returned,
and that the other died without any fault or negligence of the
said Odell, or any other person entrusted by him with the mare,
they will find for the plaintiff the value of said mare.

Which instructions were excepted to by the defendants.

The defendants in the court below now bring the case to this
court, by writ of error to this court, and assign the following
errors, to wit:

The Circuit Court erred in admitting evidence on the part of
plaintiff below.

The Circuit Court erred in giving the plaintiff's instructions.

The Circuit Court erred in refusing a new trial.

The Circuit Court erred in rendering judgment against all the
defendants, when but two were served and had appeared.

The Circuit Court erred in rendering judgment on the verdict
without specifying that the same was for damages.

The judgment is erroneous.

The proceedings are otherwise informal and erroneous.

LYMAN LACEY, and GOUDY & WAITE, for Plaintiffs in Error.

L. W. ROSS, and THOS. P. COWAN, for Defendant in Error.

Odell· et al. *v.* Hole, use, etc.

WALKER, J. This was an action of debt on a penal bond, with conditions annexed. The jury returned a verdict for one hundred and seventy-five dollars, a part of the debt in the declaration mentioned, but failed to assess any damages. Upon this verdict the court below rendered judgment, and the assignment of errors questions its correctness. It has been uniformly held by this court, that in an action on a bond of this kind, the jury should find the amount of both the debt and damages. And upon such a verdict the court should render a judgment for the debt thus found, and award execution for that sum, with directions to be indorsed thereon, that the amount of the damages should be alone collected. *Frazier* v. *Laughlin,* 1 Gilm. 347 ; *March* v. *Wright,* 14 Ill. 248 ; *Toles* v. *Cole,* 11 Ill. 562. These cases are decisive of this question. The court therefore erred in rendering judgment on the verdict. The court permitted the plaintiff below, against the objection of the defendant, to give evidence to the jury, of the worth of the use of the mare as well as her depreciation in value, from the time she was replevied until her return. And by the third instruction, the jury are told, that the plaintiff was entitled to recover such damages as he may have sustained, by the depreciation in value which took place while the mare was in the possession of the defendant. In the action of replevin, the plaintiff may recover as damages the value of the use of the property, while it is detained from the plaintiff. And it is for the reason, that the defendant has wrongfully detained the plaintiff's property, and deprived him of its use. But he has no right to recover, for the natural depreciation in value of this description of property, while in the possession of the defendant, although it may be otherwise with other descriptions of property which is incapable of such use, and is only held for sale. If, however, the depreciation has been produced by abuse or want of reasonable care on the part of the defendant, there can be no doubt but the plaintiff might recover for such depreciation. He is bound to take reasonable care of the property, and is liable for any default in performing that duty. This instruction should therefore have been modified so as to have announced this rule. The instruction as given, was calculated to mislead the jury, and the court erred in giving it as asked.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*