382     Muller *et al. v.* Inderreiden *et al.*     [Sept. T.

Opinion of the Court.

## Henry Muller *et al.*

### *v.*

## John B. Inderreiden *et al.*

1. Homestead—*when and how subjected to execution.* Where the title to a homestead worth more than $1000 is taken in the name of the wife, for the purpose of placing it beyond the reach of the existing creditors of the husband, and is paid for with the money of the husband, it is not error for a court of equity, upon a bill filed by such creditors after they have obtained judgment and execution against such husband, to decree that such homestead, in respect to such judgment, is the property of the husband, and that the sheriff holding such execution shall proceed with the same, as prescribed by the statute in cases of execution levies upon homesteads, and that, in case of a sale of said premises under said execution, the purchaser at such sale shall acquire the legal title thereto as against said husband and wife, and those claiming under them, subject only to the redemption allowed by law.

2. Whether such homestead is susceptible of division, is a fact not to be ascertained by the court, but by the commissioners to be appointed by the sheriff in pursuance of the statute.

Writ of Error to the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Messrs. Knowlton & Humphreville, for the plaintiffs in error.

Messrs. Abbott & Oliver, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery, in the Superior Court of Cook county, exhibited by John B. and August Inderreiden, complainants, against Henry Muller and Caroline Muller, respondents, which resulted in a decree for complainants. To reverse this decree, the record is brought here by writ of error.

The allegations of the bill were, in substance, that complainants, at the December term, 1873, of the Superior Court of Cook county, had recovered a judgment, on the common

law side of that court, against the respondent Henry Muller, for five hundred and forty dollars and seventy cents damages, together with the costs, which was wholly unsatisfied; that execution duly issued on the judgment, and the amount thereof demanded by the sheriff, of the respondent, which he refused to pay, or to turn out property, saying he had none to turn out; and that the officer had been unable to find property, except lot 30, in block 3, in Brikerdike's addition to Chicago, together with the buildings thereon, which, by direction of plaintiffs' attorney, he had levied on.   It is then alleged that the *fi. fa.*, with the levy indorsed thereon, was still in the hands of the sheriff, but that he could not sell the property, so as to give an available title to the purchaser, for the reason that the title thereto stood in the name of defendant's wife, Caroline Muller, she claiming the same as her sole and separate property, but alleging that the same was not paid for with her property or money, but with the property of her husband, when he was considerably in debt, and, among others, to the complainants, on a demand for which their judgment was detained, and that the conveyance to the wife was a fraud upon complainants, and made to the wife with the intention and for the purpose of placing the same beyond the reach of said defendants, Henry Muller's creditors, averring that the lot and buildings were, in fact, the property of Henry Muller, and, in equity, subject to the payment of complainants' judgment.

Complainants, among other things, pray that the house and lot be decreed to be the property of Henry Muller, and that it be subject to complainants' execution.

The defendants were duly served with summons, and made default, whereupon the bill was taken for confessed, and, upon evidence taken in open court, the court found the lot and buildings were occupied by the defendants as a homestead, and that they have a homestead right therein amounting to one thousand dollars, and that the premises are worth more than the homestead interest; further decreeing that the

premises, in respect to complainants' judgment, are the property of Henry Muller, and the same subject to be sold to satisfy the same, with the interest and costs.

"And it was further ordered and decreed that said sheriff proceed with said execution as prescribed by the statute in cases of execution levies upon homesteads, and that he endeavor to make from said premises the amount of said judgment, interest and costs, and, in case of a sale of said premises, or any part thereof, under said execution, that the purchasers thereof at such sale shall acquire the legal title thereto as against said Henry Muller and said Caroline Muller, and those claiming title as derived through them, or either of them, since the filing of the bill of complaint in this cause, subject only to the redemption allowed by law."

The assignment of error questions the correctness of this decree.

By section 10 of chapter 52, title, " Exemptions," R. S. 1874, p. 498, it is provided, if the premises claimed as exempt are worth more than one thousand dollars, the officer having the *fi. fa.* shall summon three householders as commissioners, who, upon oath, shall appraise the premises, and if, in their opinion, the property may be divided without injury to the interests of the parties, they shall set off so much of the premises, including the dwelling house, as, in their opinion, shall be worth one thousand dollars, and the residue may be sold by the officer.

By section 11, if, in the opinion of the commissioners, the value exceeds one thousand dollars, and the premises can not be divided, they shall make and sign an appraisal of the value, and deliver it to the officer, and the officer shall deliver a copy thereof to the debtor, etc., with a notice thereto attached that, unless the execution debtor shall pay to the officer the excess over one thousand dollars, on the amount due on the execution, within sixty days thereafter, the premises will be sold.

The court, by the decree, found there was a homestead right in these premises, and whether they were or were not

susceptible of division, was a fact the statute requires should be ascertained, not by the court, but by the commissioners to be appointed by the sheriff in pursuance of the statute; and when the court ordered and decreed, on finding a homestead right existed, that the sheriff proceed with the execution as prescribed by the statute in case of execution levies upon homesteads, the statute was fully complied with, and there is no error in the decree.

The decree is affirmed.

*Decree affirmed.*