## WILLIAM H. BROADWELL
### *v.*
## ALFRED L. PARADICE.

1. REPLEVIN—*assessment of damages on dismissal of suit.* Where property levied on by an officer under an execution is taken from him on a writ of replevin at the suit of a stranger, and afterwards the replevin suit is dismissed, and a return of the property awarded, the court should assess the officer's damages for the detention of the property at whatever the use of the property was worth for the time it was detained.

2. SAME—*how the fund is held by the officer.* In such case, the officer would hold the entire proceeds of the property, including the amount of damages so assessed, to be applied, first, to the payment of the execution, and the residue to be paid over to the execution debtor.

3. IRREGULARITY IN EXECUTION—*who may question it.* Where property was seized by an officer upon execution, and was afterward taken from the officer under a writ of replevin at the suit of a stranger, on a proceeding to assess the damages for the detention of the property, the replevin suit having been dismissed by the plaintiff therein, the latter objected that the execution under which the officer held the property had no seal, but it was held it was not for him to question the regularity of the execution, in that suit.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILBER F. GOHEEN, for the appellant.

Messrs. EPLER & CALLON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

July 25th, 1873, an action of replevin was brought by appellee, Paradice, to recover possession of certain personal property upon which appellant, Broadwell, as sheriff of Morgan county, had levied to satisfy an execution in favor of one McGregor.

The property was taken out of the hands of the sheriff, Broadwell, upon the writ of replevin, and delivered to the plaintiff in the replevin suit.

After the impanneling of a jury for the trial of the cause, but before the same was submitted to the jury, Paradice dismissed his suit. The court awarded a return of the property, and the defendant entered a motion to have his damages assessed under the statute, for the use of the property from the time it was taken under the writ of replevin, from his possession. After sundry continuances, at the May term, 1875, a jury was called to assess said damages. The jury returned a verdict finding no damages to assess; a motion for a new trial for the assessment of damages was overruled, and judgment given against the defendant, Broadwell, to reverse which judgment he brings this appeal.

The proceeding for the assessment of damages in the court below seems to have gone upon an entirely erroneous theory, viz: that, as Broadwell, the sheriff, had not himself, individually, suffered any damage by being deprived of the use of the property, he was not entitled to recover any damages.

The evidence was undisputed, that the use of the property was worth from $18 to $25 per month. It was some twenty-two months from the time of taking the property from the sheriff up to that of the trial for the assessment of damages. The amount of the execution under which the sheriff had seized the property was $502.20, which was entirely unsatisfied.

By the seizure of the goods in execution, the sheriff acquired a special property in them, and might have maintained an action of trespass or trover against any one who wrongfully took them away. *Wilbraham* v. *Snow*, 2 Saund. 47 a.

Had Paradice so taken the property—instead of as he did, by a writ of replevin—he would have been liable to such an action of trespass or trover, at the suit of the sheriff; and, as Paradice was a stranger, the sheriff would have recovered, as damages, the full value of the property. The rule being that, in trover or trespass, if the property be taken by a stranger, the whole value may be recovered by the special property man, he holding the balance beyond his own interest in trust for the general owner; but if the suit be between him and the general owner, the latter is entitled to a deduction of the value of · his interest. *Russell* v. *Butterfield,* 21 Wend. 300; *Brownell* v. *Manchester et al.* 1 Pick. 232; *White* v. *Webb,* 15 Conn. 502; *Fallon* v. *Manning,* 35 Mo. 271; *Frei* v. *Vogle,* 40 id. 149.

Under this rule, the sheriff here, Broadwell, should have been allowed to recover the full value of the use of the property, although he himself had no beneficial interest therein, and personally sustained no damage. The statute contemplates that damages shall be given for the use of the property, and does not make reference to such damages as the defendant has sustained; the language of the provision being that, if the plaintiff suffers a non-suit, "judgment shall be given for a return of the property, and damages for the use thereof from the time it was taken until a return thereof shall be made." The defendant here was the special owner of the property, but as against the plaintiff, a mere stranger, he was to be viewed only as owner, and as such, was entitled to recover the value of the use of the property, the same as if the entire ownership were vested in him.

It is said that the officer is not allowed to use property which he seizes on execution, nor is the plaintiff in execution, and therefore neither of them is entitled to any damages for such use. It may be that they, nor either of them, suffer any damage by deprivation of the use of the property; that the accruing interest on the judgment may indemnify the execution creditor in this respect. But the general owner does sustain damage, on such account. During the time the property

is taken and withheld from being applied on the execution, he loses the interest on its value, which runs against him in the meantime on the judgment; and as an equivalent for the interest, it is right that he should have damages for the use of the property.

The recovery by the defendant, as before observed, is in respect of the entire interest in the property, that of both the special and general owner, and the damages recovered for the use of the property, if not for the benefit of the special owner, will be for the benefit of the general owner. All that the officer realizes in respect of the property, whether damages for its use, or proceeds of its sale, will be applied and held for the benefit of the general owner. All thereof that may remain after satisfying the execution against him, will be held in trust for the general owner.

Under the language of the statute, as defendant, appellant was entitled to recover, as damages, the value of the use of the property. We see nothing in the circumstance of this defendant being but the special owner he was, which should differ his case from that of any other defendant. Reason, analogy to the recovery of the special owner in other cases, does not justify the making of a distinction.

It is objected that the execution, by virtue of which the property was seized, had no seal. The property had been seized by appellant under the execution, and was in his actual possession. As against the appellee, a mere stranger, appellant's possession was a rightful one, and he was to be regarded as owner. It was not for appellee to question the regularity of the execution, in this suit.

The verdict was manifestly contrary to the evidence, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*