HANNAH L. CROSSLEY, Respondent, *v.* GEORGE W. HOJER, Appellant.

(New York Superior Court—General Term, January, 1895.)

In an action of replevin the successful party may recover the amount of the depreciation in value of the property, with interest on the value during its detention; or, if the property has a usable value, the value of such use during the time of detention.

In an action to recover certain hotel furniture which had been leased to defendant under a lease which expired in 1888, there was no proof of depreciation, or that the property had a usable value to the plaintiff, and the referee found that its value was $2,000, and allowed as damages for detention, on the ground of depreciation, $5,000. *Held*, that the finding as to value related to the value at the time of the trial, and that the allowance for depreciation was erroneous.

APPEAL by the defendant from judgment entered in favor of plaintiff on report of referee.

8

*Morris S. Wise,* for appellant.

*Howe & Hummel,* for respondent.

McAdam, J. The action is in replevin to recover the possession of certain goods and chattels with damages for their detention. There was no dispute as to the ownership of the property, for the defendant practically admitted that, and pleaded that before the commencement of the action he duly tendered unto the plaintiff all the goods and chattels claimed by her to be her property. The contention narrowed down to the questions of unlawful detention, value and amount of damages.

The defendant became possessed of the property, consisting of furniture, carpets, crockery, glassware, mirrors, curtains, cornices, silverware and other articles enumerated in a schedule thereof, under an agreement made with the plaintiff December 21, 1885, by which she sold, on what is called the installment plan, all the furniture contained in the Abbotsford Hotel, in the city of New York, for the sum of $10,000, which was to be paid in monthly installments of $200 per month, and after the whole sum of $10,000 had been paid plaintiff agreed to execute a valid and absolute bill of sale of the property, until which time the title was to remain in and with the plaintiff.

On December 22, 1886, one year after the making of the above contract, a new agreement was entered into between the parties, by which the first agreement was abrogated and the furniture merely leased to the defendant until May 1, 1888, at the monthly rent of $100 per month. In this agreement the defendant agreed "to deliver over to the plaintiff on the expiration of the renting period thereof the said furniture in as good condition as the same now is, reasonable wear and tear excepted."

On March 21, 1888, the defendant wrote the plaintiff as follows: "After May 1st, 1888, our contract dated December 22, 1886, expires. I notify you that I will not have any interest in the hotel after that date, as I will retire from the

same. As regards your furniture that you have in it, it will be at your disposal as far as I am concerned." Plaintiff there-after demanded the property; the defendant refused to give it up. Hence, the present action.

The referee, upon evidence satisfactorily sustaining his finding, decided that prior to the commencement of the action the defendant wrongfully detained the property from the plaintiff; that the plaintiff had duly demanded its return; that the defendant had refused to deliver the same, and that the value thereof was $2,000. But he went further, and decided that the plaintiff had sustained damages by rea-son of the detention in the sum of $5,000. We find no war-rant for this finding.

In trover the value at the time of conversion, with interest, is the measure of recovery. In replevin the successful party can recover the possession of the property, with interest on its value, and the amount of the depreciation thereof as dam-ages for detention. In *Brewster* v. *Silliman*, 38 N. Y. 430, the court said: "It was held in *Rowley* v. *Gibbs*, 14 Johns. 385, that in replevin the decrease in the value of the goods, and interest upon the whole value, when the party was deprived of the possession, was to be allowed as damages for the detention under our former statute. The question of depreciation or no depreciation could only be determined by proof, first, of the value at the time of the taking, and then proof of value at the time of the trial." The depreciation of the goods during the wrongful detention by the defendant could be assessed without a special allegation of this cause of damage, because the source of damage is so obvious and direct that the defendant cannot urge surprise. *Young* v. *Willet*, 8 Bosw. 492. See, also, *Guaranty Co.* v. *Flynn*, 55 N. Y. 653.

In *Young* v. *Willet*, *supra*, there was much testimony as to the depreciation in the value of the goods during the deten-tion, and the jury were required specially to find the amount of such depreciation in value, and this they did separate and apart from the value of the goods and the interest thereon.

New York Superior Court, January, 1895.          [Vol. 11.

Compensatory damages, in addition to the interest, may be added to the value only in cases where it is proved that it is necessary to afford a full indemnity. *Suydam* v. *Jenkins*, 3 Sandf. 614.

In the case at bar there was no proof of value at the time of the trial, and, therefore, the finding of the referee that the property was worth $2,000 must be taken as the value of the property at that time.

There is not only an absence of any finding that the property had depreciated between the time demand was made and the trial, but there was no evidence in the case which would warrant any such finding if it had been made. And, in the absence of any proof that the damages are more or less than the interest on the value, the presumption is that they are the interest for the time that the successful party was wrongfully deprived of the use. *Guaranty Co.* v. *Flynn*, *supra.*

There is another element of damage in actions to recover the possession of personal property, where the property has a usable value, and that is the value of the use during the time of the detention. *Allen* v. *Fox*, 51 N. Y. 562. But there was no evidence here proving the value of the use, nor can any be inferred from the defendant's contract. The contract was made in 1886, and expired May 1, 1888, when the defendant gave up the use of the hotel in which the property was contained; and it does not appear that he thereafter, in any manner or way, used the property, or that the plaintiff had any special use for it. The wear and tear incidental to its use in the hotel for a period of two years would certainly tend to depreciate it largely.

In addition to this, it does not appear that the referee allowed anything whatever for the use of the property. On the contrary, it appears affirmatively by his opinion that the damages were allowed for depreciation in the furniture, and this interpretation of the referee's finding frees the case from all doubt concerning the nature of the damages awarded. How furniture worth $2,000 could depreciate to the extent of

$5,000 by a six years' detention is a problem we are unable to solve. In short, the action is the ordinary one of claim and delivery, in which the value of the property with interest thereon from the time of the conversion affords ample compensation for every injury sustained. Wells on Replevin, § 537; *Odell* v. *Hole,* 25 Ill. 204.

It follows, therefore, that the judgment appealed from must be reversed, the order of reference vacated, and a new trial ordered, with costs to appellant to abide the event, unless within ten days the plaintiff files a stipulation reducing the damages for detention to $720, in which event the judgment, as modified, will be affirmed, but without costs of appeal.

FREEDMAN and GILDERSLEEVE, JJ., concur.

Judgment reversed, reference vacated and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as stated in opinion, in which event judgment, as modified, affirmed, without costs.