## James B. Clow & Sons v. H. C. Yount.

1. Pledges—*Bonds Payable to Bearer, Without Notice of the Owner-ship.*—When bonds payable to bearer, not due by their terms, are taken in good faith as collateral security by a party for *bona fide* debt due him from one in possession of such bonds, without notice that such person in possession is not the owner of such bonds, the title will pass to the pledgee to the extent of the debt for which he takes them in pledge.

2. Replevin—*Of Property Held in Pledge as Collateral Security.*—Under our statutes relating to the action of replevin (Hurd's Stat. Ch. 119, Sec. 22), where the property sought to be recovered is held in pledge as security for the payment of money, a judgment in the alternative that the plaintiff pay the amount for which the property is held, with proper damages, within a given time, or make return of the property, is authorized.

3. Damages—*In Replevin—Bonds Held in Pledge as Collateral Security.*—In actions of replevin for the possession of bonds, the plaintiff is entitled to recover any depreciation in the value of the bonds between the time he became entitled to their possession and the time he actually receives them.

4. Same—*For a Wrongful Taking Under the Writ.*—A defendant who succeeds in a replevin suit is entitled to recover any special damage he may have sustained by reason of the wrongful taking of the property from him by virtue of the writ of replevin.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 24, 1901.

Philetus Smith, attorney for appellant.

W. E. Brown, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellee begun replevin in the Circuit Court to recover the possession of ten bonds of the Covington Light & Water Co. of the par value of $1,000, which were in the possession of appellant. The declaration consists of one count only, for the detention of the bonds, and the pleas are, first, that the defendant did not detain the bonds, and second, that it held the bonds in pledge as a security for the payment of $1,800 due to it from William S. Reed and Jacob Adler, on which issue was taken by the plaintiff. A trial before the

James B. Clow & Sons v. Yount.

court and a jury resulted in a verdict finding the defendant guilty, property in plaintiff, and assessing plaintiff's damages at $750, on which the court rendered judgment, from which this appeal is taken.

Twenty different contentions are made by counsel for appellee, nearly all of which are of a technical nature, by reason of which it is claimed that the judgment should be affirmed. With very few exceptions counsel has not referred to any page of the abstract or record in support of his contentions, and the court, in order to pass upon them, has been compelled to search the record. This labor should have been performed by counsel and the proper references to the record or abstract made in his brief. We can not notice these contentions in detail. Their general character is fairly shown by the second, viz., that the bill of exceptions is not sealed by the trial judge, in support of which nine authorities are cited. The record shows that the bill of exceptions is sealed by the trial judge. Many others of these contentions are as completely answered by an inspection of the record, and it seems sufficient to say that we have examined all of them and are of opinion that they are not tenable. The only one of the contentions of appellee which has any support from the record is the nineteenth, that the claim of appellant that the bonds in question were payable to bearer, can not be considered for the reason that the bonds are not set forth in the bill of exceptions. The record shows that the ten bonds in question were offered in evidence by counsel for the plaintiff, and that " said bonds are in the words and figures following; description of ten bonds numbered, respectively, as follows." Here is given the numbers of the bonds, respectively, and what purports to be the language of the bond of the first number given in full, including a coupon and their numbers and amount, with the certificate of the trustee indorsed on the bond. This bond is payable to bearer, and we think from the language above quoted it is plain that all the bonds were alike. If, however, there could be doubt upon that question, it is removed by reading appellee's brief describing the bonds in question.

Among other instructions given for the plaintiff are the following, viz :

4. " If you believe from the evidence that the defendant, James B. Clow & Sons, was holding the bonds in controversy as collateral security to the account of the Covington Light & Water Company, and to secure this account only, and that one W. S. Reed afterward stated to the defendant that it might hold the said bonds to secure his own private account, or that of Reed & Adler, still the defendant would have no right to hold the bonds as collateral to such account of Reed or Reed & Adler, if you believe from the evidence that the plaintiff in this case was the owner of the bonds."

6. "If you believe from the evidence that the defendant or its managers or agents in charge of its business stated to the plaintiff that they had no further claim upon the bonds, that the account of the Covington Light & Water Company had been paid, and that they would turn over the bonds on an order from W. S. Reed, or on the production of the original receipt, then the defendant is estopped from afterwards setting up a claim that the bonds were held as collateral security for another purpose."

The court also gave at the request of defendant, among other instructions, the following, viz.:

3. " If you find from the evidence that said Reed delivered said bonds to the defendant on or about December 13, 1893, to secure the payment of the account of the Covington Light & Water Company, and that said Reed, while said bonds were in possession of defendant to secure said account, agreed with defendant that said bonds should remain in defendant's possession as security for the payment of said acceptances, you will find the defendant not guilty, unless you further find at the time of such agreement said defendant knew or had notice that said plaintiff was then the true owner of said bonds, and unless you further find that the acceptances have been fully paid."

The evidence shows that the bonds in question were payable to bearer, were in the possession of one W. S. Reed, and tends to show that appellant had no knowledge but that Reed was the owner of the bonds at the time they were pledged to appellant by Reed as collateral security to a claim which appellant had against said Water Company,

and also for a claim of appellant against Reed & Adler. This being the state of the proof, both said instructions four and six given for appellee were erroneous, and besides, directly conflict with the third instruction given for appellant. The law is accurately stated in said third instruction for appellant, except that the word "and" after the word "bonds" and before the word "unless" should have been "or."

The bonds in question being payable to bearer and not due by their terms, if taken in pledge for a *bona fide* debt by appellant from one who had the possession of the bonds, without any notice that appellee was their owner and in good faith, the title thereto would pass to appellant to the extent of the debt for which they were taken in pledge. Such bonds stand upon the same basis as a negotiable promissory note. Garvin v. Wiswell, 83 Ill. 215–18, and cases cited; Bemis v. Horner, 165 Ill. 347–52, and cases cited; Johnson v. County of Stark, 24 Ill. 75–92; Merchants, etc., Co. v. Lamson, 90 Ill. App. 18, and cases cited; 1 Daniel on Neg. Insts., p. 630.

Under instruction four the jury were authorized to find a verdict for the plaintiff in entire disregard of the evidence tending to show that appellant was a *bona fide* pledgee of the bonds without any notice that appellee was the true owner thereof.

Under instruction six the plaintiff might recover although the appellant took the bonds in pledge from W. S. Reed to secure a debt of Reed & Adler, due to it, in perfect good faith, and without any knowledge whatever, at the time it so took them, that Reed was not the owner of the bonds or that appellee was the true owner. Moreover, there is no evidence in the case to show an essential element in order to create an estoppel against appellant, viz., that appellee's condition or situation was in any way changed by reason of the alleged statement of appellant that it had no further claim upon the bonds.

The court excluded certain evidence offered by the appellant as to the amount of its claim against Reed & Adler, for which it was claimed that the bonds were pledged as

security.   This was error.   Under our statute relating to the action of replevin (Hurd's Stat., Ch. 119, Sec. 22), where it appears that the property sought to be recovered is held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the property is rightfully held, with proper damages, within a given time, or make return of the property.   The evidence tends to show that the bonds in question were rightfully held by the appellant for the payment of its claim against Reed & Adler, and if the jury had found that this was true, then it was necessary to know the amount for which they were so held, so that the proper judgment could be rendered.   This error is, however, without prejudice on this record, because the verdict was in favor of the plaintiff and against the defendant in this respect.   On another trial the evidence should be admitted.

The parties in this case, under the pleas, which were that appellant did not detain the bond and that it held them in pledge for a debt due from Reed & Adler, should not have been allowed to offer any evidence to the effect that the bonds were held in pledge at the time the suit was commenced for a debt due from the Water Company to appellant, and of the amount of such debt.   If any such defense is desired to be made, the proper plea should be filed setting it up.   It follows from this that the instructions based upon such claim should not have been given under the pleadings as they now stand.

It is earnestly insisted on behalf of appellant that there was error in the eighth instruction given for plaintiff as to the measure of damages, viz., that the plaintiff was entitled to recover any depreciation of value in the bonds between the time he became entitled to their possession and the time when he actually received them, but we are of opinion that such is the true measure of damages in a case of this kind.   There is a conflict in the authorities as to whether this is the proper measure of damages as to certain classes of property.   Butler v. Wehrling, 15 Ill. 489; McGavock v. Chamberlain, 20 Ill. 219; Odell v. Hole, 25 Ill. 204–8; Sturges v. Keith, 57 Ill. 451; Broadwell v. Paradice, 81

Ill. 474; Treman v. Morris, 9 Ill. App. 237–49; Allen v. Fox, 51 N. Y. 562–5; Williams v. Phelps, 16 Wis. 83–9; Wells on Replevin, Secs. 546 to 549, 557 to 559, 572, 573, 682.

Our statute (Hurd's, Ch. 119, Sec. 23) provides that when "judgment is given for the plaintiff in replevin, he shall recover damages for the detention of the property while the same was wrongfully detained by the defendant." This means, as we think, and that is the trend of all the decisions on the question, that the plaintiff shall receive full indemnity.

In 3 Sutherland on Damages, p. 560, the author says :

"The party injured is entitled to full indemnity for the injury he suffers in consequence of being deprived of his goods by means of a replevin; and the time when their value will be estimated, and the manner of the estimate, may be varied to meet any peculiarities of the case, with a view to adjusting the compensation to the actual loss."

This is said with reference to the defendant's rights, and we think the plaintiff's rights are not different.

In Cobbey on Replevin (Sec. 935) it is said :

"The defendant who succeeds in the replevin suit may recover any special damage he may have sustained by reason of the wrongful taking of the property from him by virtue of the writ of replevin."

The same author, in speaking of the measure of damages, says (Sec. 941) :

"It has been held that what it would take to replace the goods was the proper measure of damages—the value at the time it should be restored—the highest value after taking and before trial."

And while these rules have been followed in many cases, they are not universal. The same author states (Sec. 943) the general rule to be in England and in this country, that the damages are measured by the current or market value of the property at the time of the conversion, with interest from that time until the trial, but says there are several exceptions, and that full indemnity is the object to be sought.

In Wells on Replevin (Sec. 135) the author says :

"Where the property diminishes in value while it is wrongfully detained, the depreciation is usually a proper

element of damages. This rule applies alike to both parties." And, in Sec. 530, that the rule, when there is no fraud or malice, is "usually based upon the idea of compensation; the object being to restore the party, as far as pecuniary compensation will do so, to the condition he was in before the act complained of was committed;" but that (Sec. 536) no uniform rule can be given for ascertaining the extent of compensation.

In the case of Odell, *supra*, it was held that a plaintiff might recover as damages the value of the use of the property (a horse) while it was detained from the plaintiff, though not its natural depreciation in value while detained, but the court said :

" It may be otherwise with other descriptions of property which is incapable of such use, and is only held for sale."

The exact question at bar does not seem to have been decided in this State, but bonds being of such à nature that they can not be used, we think it but just that, if they depreciate in value while they are wrongfully detained from ther owner, he should be entitled to recover the amount of such depreciation.

Several other matters are urged upon our attention in argument, all of which we have examined, and think they present either matters in which there is no reversible error, or they are sufficiently covered by what has already been said.

For the errors indicated, the judgment is reversed and the cause remanded.