## HENRY BENNET

*v.*

## JAMES H. GILBERT.

*Opinion filed February 21, 1902.*

1. PROPOSITIONS OF LAW—*propositions of law should be based upon the evidence.* A proposition of law is properly refused where there is a want of evidence on which to base it.

2. SHERIFFS—*right of sheriff to recover the full value of goods taken from his possession.* Where property levied upon by a sheriff is taken from his possession by a stranger, the sheriff is entitled to recover both the value of his special property and that of the general owner, in order that he may be ready to answer for the proceeds of the property to those lawfully entitled thereto.

3. SAME—*effect where defendant settles with one of the parties beneficially interested.* One who seizes and converts to his own use property in the possession of the sheriff under a levy, is liable to the sheriff for the full value of the property; and if he settles with one of the parties beneficially interested for a part, only, of the amount for which he is liable, he is entitled to credit to that amount, but judgment should be given against him for the balance of the value of the property, for the use of the others beneficially interested.

*Bennet* v. *Gilbert*, 94 Ill. App. 505, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

LEROY D. THOMAN, and W. S. OPPENHEIM, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James H. Gilbert, appellee, brought this suit in the circuit court of Cook county against Henry Bennet, appellant, to recover the value of certain skins, furs and ten mink coats levied upon by plaintiff, as sheriff of said

county, under an execution in favor of Dubzinsky Davis against the goods and chattels of Rose Morris and Dubzinsky Harris, partners in the fur business in the city of Chicago under the firm name of Morris & Harris, and taken from the possession of the plaintiff by the defendant. The pleas were the general issue and a plea *puis darrein continuance* that the plaintiff ought not to further maintain so much of his said cause of action as was for the benefit of Dubzinsky Davis, because the said Davis had, since the institution of the suit, released the defendant from all matters complained of as to him. Plaintiff replied that Dubzinsky Davis did not execute the deed of release set up in said special plea, and the issues were submitted to the court without a jury. There was a finding for the plaintiff and his damages were assessed at $1116.07, for which amount judgment was rendered. The Appellate Court affirmed the judgment.

On the trial it appeared that Dubzinsky Davis obtained three judgments by confession against the firm of Morris & Harris, and executions were issued on the judgments and levied on the goods in question and other goods of the firm. The defendant, Henry Bennet, had sold to the firm certain skins and furs and mink linings, and the mink linings had been put into ten coats as lining material. He instituted a replevin suit for the property he had sold, based on a claim that the purchase was fraudulent and that he had rescinded the sale and become reinvested with the title of the goods. The skins and furs were taken under the writ of replevin, and the defendant then commenced a second replevin suit, under which the ten mink coats were taken from the plaintiff. The balance of the goods were sold and two of the judgments satisfied, leaving unpaid under the third execution for the sum of $2724.48 and costs, a balance of $1685.15, which, with interest, amounted to $2302.90. The replevin suits were dismissed and return of the goods ordered. Davis, the judgment creditor, made and filed in each of the three

cases where his judgments were entered, an assignment to S. Levy & Co. of one-half of whatever he might recover in the suits, as security for an indebtedness of $1418.18 to said S. Levy & Co. Davis afterwards made a fourth agreement with S. Levy & Co. to the same effect, in which he agreed that no settlement or compromise should be made by him without the consent of S. Levy & Co. After this suit was begun, Davis, in consideration of $500, gave a release to the defendant of any claim or demand which he had on account of the matters in the suit or on account of anything done by the defendant. The special plea alleged the execution of the release by Davis alone. The court credited the sum of $500 paid by the defendant to Davis to discharge his claim, against the value of the goods taken by the defendant, and the judgment was for the balance of such value.

Some of the alleged errors presented and argued can not be considered. They are, that the sole right of action of the plaintiff was upon the replevin bond, and therefore he could not maintain the suit; that the evidence was not sufficient to sustain the declaration, and that it was proved that defendant was the owner of the property which he took from the plaintiff, for the reason that the purchase by Morris & Harris was made by means of false representations and the sale had been rescinded by the defendant. None of these questions were raised or presented to the trial court in any manner, and there was no ruling upon either to be reviewed. The declaration makes no averment that there were replevin suits or replevin bonds, but alleges a levy on the property and the possession of it by the plaintiff, and that the defendant wrongfully seized and carried it away. The declaration states a good cause of action, and the question whether the evidence was sufficient, as matter of law, to sustain it, was not raised. There was no motion to exclude the evidence and find for the defendant, nor was the question raised in any other manner known to legal procedure.

The judgment of the Appellate Court is conclusive upon questions of fact in issue in the suit, and we can only review decisions of the trial court on questions of law.

The defendant tendered to the court five propositions to be held as the law of the case, but they were all refused. The first stated, in substance, that if the evidence showed the goods in controversy were purchased by Morris & Harris from the defendant, Bennet, without intent to pay for the same, and that such goods had never been paid for, and that Dubzinsky Davis had knowledge of such fact when he caused the judgments to be entered on which the executions were issued, the plaintiff could not recover the value of the goods. Without considering whether the facts stated in the proposition would be sufficient to establish actual fraud and an intent to cheat the defendant out of his property, the instruction was properly refused for want of evidence upon which to base it. So far as the ten mink coats were concerned, it would hardly be contended that the defendant could take them because he sold the linings which had been put into them. So far as all the property was concerned, there was no evidence tending to prove that Davis had any knowledge of the purchase or of the circumstances under which it was made. The only evidence on that subject tended to show that he had no knowledge of either. Counsel say that Davis would have no right to the property under the executions, for the reason that his debt arose before the sales were made by defendant to Morris & Harris; but the proposition does not contain that statement as a part of the hypothesis of fact, and that question was not passed on in refusing the proposition.

The other propositions of law tendered and refused relate to the power of Davis to settle with the defendant for the entire cause of action of the plaintiff. The evidence was, that the value of the goods was less than the balance remaining unpaid on the execution, and the propositions, in different forms, sustained the legal right

of the defendant to settle with Davis for the $500 paid to him and to obtain a release and discharge of all liability. The plaintiff, by reason of his levy, had a special property in the goods taken from his possession by the defendant. His duty was to discharge the lien of the execution and render the surplus remaining to the general owner, and in such a case, where the property is taken by a stranger, the sheriff is entitled to recover the whole value of the property. In order to perform that duty he is entitled to recover both the value of his special property and that of the general owner, so that he may be ready to answer for the proceeds of the property to those lawfully entitled to them. (*Broadwell* v. *Paradice*, 81 Ill. 474.) The cause of action was in the plaintiff, and he would be bound to distribute the proceeds to the parties entitled to them, according to their interests. If Davis saw fit to accept $500 in satisfaction of his lien or his share of the proceeds, the proceeds would be relieved from his lien or claim and the balance would go to the other parties having interests. It is immaterial in this case whether the release of Davis operated to discharge the entire lien or only one-half of it. The question whether S. Levy & Co. are entitled to a share in the proceeds of the judgment by virtue of the assignment is not involved. They are not parties to this suit, and we do not pass upon the question whether they or the general owners are entitled to the balance. The defendant was liable to the plaintiff for the full value of the property which he seized and converted to his own use, and he settled with one of the parties beneficially interested for a part, only, of the amount for which he was liable. He should be credited, as he was credited, with what he paid for that purpose. The property being relieved from that claim, there were others beneficially interested to whom the plaintiff, as sheriff, must account, and they did not join in the agreement and release. The propositions sustained the right of Davis to accept a less sum from the defendant than

he was liable for without the concurrence of the general owners, who were entitled to any surplus, subject only to the claim of Davis, and they were properly refused.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*