(71 Misc. Rep. 516.)

## MacDONALD v. MacDONALD.

(Supreme Court, Special Term, Kings County. April, 1911.)

INTEREST (§ 22*)—JUDGMENT—DELAY IN ENFORCEMENT—RIGHT TO INTEREST.

Where, in replevin, the judgment awards the return of the property or a specified sum of money, and plaintiff, under Code Civ. Proc. § 1731, could, immediately after judgment, have issued execution and obtained the property, but waited a year, when he accepted the property, interest on its ascertained value will not be allowed.

[Ed. Note.—For other cases, see Interest, Dec. Dig. § 22.*]

Action by Joseph A. MacDonald against Benjamin MacDonald. Judgment for plaintiff. Motion to amend judgment denied.

Robert J. Fox, for plaintiff.
Jonathan Deyo, for defendant.

CRANE, J. I do not see that interest can be recovered in this action. The judgment awarded the return of the chattel, or the recovery of a specified sum of money in case the chattel could not be returned. The plaintiff, under section 1731 of the Code, could, immediately after the entry of judgment, have issued execution and obtained the stock. If the sheriff could not find the stock, by the provision of this section he could have collected the money. The plaintiff did not see fit to do this, but waited for one year, when he accepted·the

*For other·cases see same topic & § NUMBER in Dec. & Am. Digs. 1907·to date, & Rep'r Indexes

stock and demanded interest upon its ascertained value. Of course, if the money had been paid, instead of the stock, it would have carried interest from the day of entry, but this would be by reason of section 1211 of the Code.

Of course, if the stock were dividend-paying stock, the defendant would have to account for the dividends or any benefits received thereon from the entry of judgment and could be sued therefor. Interest, however, is the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention. 22 Cyc. 1469. Interest is not allowed as damages for the detention or use of chattels.

If, in this case, the defendant had procured a stay on appeal, so that the plaintiff could not have recovered the stock by execution, the bond given to procure such a stay would have provided for the payment of all damages which might accrue because of the stay. The plaintiff could then, upon affirmance, have recovered, not only the stock, but, if it had fallen in value in the meantime, could have recovered upon the bond the amount of his damage. This would seem to be the purport of the case of Vauter v. Elders, 2 Mill, Const. (S. C.) 184. In this case there appears to have been no stay. Therefore, as the plaintiff saw fit to wait, and not issue execution, all he can recover under the judgment are his stock and his accruing dividends or benefits. The defendant held the stock simply for his benefit after the judgment. Only in case of his inability to return the stock could the plaintiff have its value in money, as determined, and the interest pursuant to section 1211 of the Code.

An order will, therefore, be entered upon this motion in accordance with this opinion.

Ordered accordingly.