CROCKER-WHEELER COMPANY, Plaintiff, *v.* GENESEE RECREATION COMPANY, Defendant.

(Supreme Court, Monroe Special Term, October, 1917.)

Jurisdiction — Supreme Court — constitutional law — statutes — rules — actions.
Damages — measure of — judgments — replevin.

> The Supreme Court where not restricted by constitutional or legislative enactments has power to declare, define and limit substantive rights in pending actions and proceedings of which it has jurisdiction and to prescribe rules of procedure for their protection and enforcement.

> Where the defendant delays by appeal the satisfaction of a judgment in an action to recover personal property, the plaintiff is entitled to damages for the delay to be measured by the interest on the value of the property sought to be replevied as fixed on the trial whether the value is paid or the property restored.

MOTION for damages pending an appeal in an action for replevin.

Isaac Adler, for motion.

Wile, Oviatt & Gilman, opposed.

RODENBECK, J. The legislative power of the state is vested in the legislature subject to the veto power of the governor and may be exercised not only to declare, define and limit the substantive rights of persons subject to the jurisdiction of the state but to prescribe the procedure by which those rights may be enforced or protected. So far as those rights and the method for their enforcement are not prescribed by the legislature they may be declared, defined and enforced by the Supreme Court of the state in pending

actions and proceedings of which it has jurisdiction subject to the limitations of the Constitution. The procedure in the Supreme Court is almost wholly regulated in this state by statutory enactments but nevertheless this court has exercised its right to prescribe rules of procedure by adopting rules of practice not inconsistent with statutory enactments on the subject. The substantive rights of persons are largely controlled by decisions of the courts supplemented by a large body of special and general statutes but the great body of the substantive law of the state still remains unreduced to statutory form. There seems to have been in this state an aversion to controlling the power of the Supreme Court with respect to the declaration of substantive rights but a desire on the other hand to control its action by minute procedural rules in the determination of those rights.

This case presents an illustration of the power and necessity of the application of the authority of the Supreme Court to prescribe substantive rights. The plaintiff has secured a judgment in an action to recover personal property. The property was not replevied and it obtained a judgment for the recovery of the property or the value which was fixed as of the time of the trial. There has been a delay in the satisfaction of the judgment due to appeals by the defendant and the judgment having become final, and the defendant now offering to return the property, the plaintiff asks for damages by way of interest on the value of the property as fixed on the trial in addition to the property. The subject is not regulated by statute and the court is not restricted by any rules of the common law. It therefore becomes necessary to determine whether or not in an action to recover personal property where the value of the property is fixed at the time of the trial the plaintiff if successful after

delays due to appeals by the defendant is entitled to the property and interest on the value of the property as fixed on the trial as damages for the delay.

In the absence of statutory provisions controlling the action of the court or prior decisions which should be followed as precedents, the court must fall back upon the broad principles of equity in determining the controversy. The defendant is responsible for the delay in delivering the property through its appeal and should not be allowed to take advantage of its own acts. The judgment carries interest on the value as damages where the damages are caused by the defendant and it requires no statutory authority therefor. This allowance of interest follows as a matter of course as does the interest upon a judgment. *Brewster* v. *Silliman,* 38 N. Y. 423, 431; *Earle* v. *Gorham Mfg. Co.,* 2 App. Div. 460, 474; *McDonald* v. *MacDonald,* 71 Misc. Rep. 516. Where the defendant delays by appeal the satisfaction of a judgment to recover personal property the plaintiff is entitled to damages for the delay to be measured by the interest on the value of the property replevied as fixed on the trial whether that value is paid or the property restored. The action of replevin is an old common law action and the provisions of the Code of Civil Procedure are merely regulations of and restrictions upon the common law authority of the courts.. There are none reaching this question. Where the value of the use is not established legal interest is presumed to measure the use (*New York Guaranty & I. Co.* v. *Flynn,* 55 N. Y. 653; *Crossley* v. *Hojer,* 11 Misc. Rep. 57; *Redmond* v. *American Mfg. Co.,* 121 N. Y. 415) whether it be of a chattel or of money, and a judgment for the possession and return of a chattel not only covers the specific chattel but interest by way of damages for delay by the defendant in delivering the chattel just as

a defendant pays interest on a money judgment for the use thereof during delay payment. Interest on a judgment was allowed at common law (*Bissell* v. *Hopkins,* 4 Cow. 53; *Van Valkenburgh* v. *Fuller,* 6 Paige, 10; *O'Brien* v. *Young,* 95 N. Y. 428, 433) and the provisions of the Code of Civil Procedure in this respect are declaratory of the common law. Code, §§ 1211, 1233; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9, 19. No new action will lie for these damages and the plaintiff must recover them in this action if at all. *Commerce Exch. Nat. Bank* v. *Blye,* 123 N. Y. 132. There is nothing in the statutes to militate against this just and reasonable rule and it should prevail in the interest of fair dealing and obvious principles of justice.

Ordered accordingly.