(No. 18863.—)

EDWARD E. LINDSAY,. Appellee, *vs.* ROSCOE I. RICHARDS *et al.* Appellants.

*Opinion filed October 25, 1928.*

H. R. Snavely, for appellants.

McCarty & Arnold, Valmore Parker, and Jones & Lowe, for appellee.

Mr. Justice Heard delivered the opinion of the court:

Appellee, Edward E. Lindsay, filed his bill in chancery in the circuit court of Clark county against appellants, Roscoe I. Richards, Merle Richards, Norman T. Richards, and Rodney Bell, guardian of Norman T. Richards, asking to have the homestead of Roscoe I. Richards assigned and for possession of 120 acres of land, being the northwest quarter of the southwest quarter, the southwest quarter of the southwest quarter and the southeast quarter of the southwest quarter, in section 30, town 9 north, range 11 west. The bill alleged that Roscoe I. Richards was the owner of a life estate in the 120 acres of land, and that Norman T. Richards, who is the minor son of Roscoe, is the owner of the fee simple title to the land; that Roscoe came into possession of the life estate by virtue of a partition suit, wherein Zilpah Bell and Barbara Bell were complainants and Roscoe and Norman were defendants; that on the 22d day of October, 1921, Edward E. Lindsay secured a judgment by confession against Roscoe for $8415.46, and that in July, 1925, an alias execution was issued on said judgment, a levy made on the 120 acres of land described, and on the second day of November, 1925, the life estate of Roscoe in said property was sold at sheriff's sale, and the complainant in this suit, who was plaintiff in the judgment, bid in the property; that Roscoe and his wife and son were living on this property at the time the judgment was taken; that he was a householder and the head of a family and entitled to a homestead in the property, but that his homestead had not been assigned previous to the sale of the property, and that on the 23d day of June, 1927, a sheriff's deed was executed to the complainant for the property under said sale.

The bill prays that a decree be entered causing to be assigned to Roscoe I. Richards a homestead of the value of $1000 in the southwest quarter of the southwest quarter of section 30, if the same can be assigned, and if it is not susceptible of assignment without manifest prejudice to the interests of the parties, that the complainant be permitted to pay to Roscoe the sum of $1000, and upon payment of such sum he be decreed to surrender the full use, control and possession of the above described 120 acres of land for and during his natural lifetime, and in case homestead should be assigned, that he be required to surrender possession of the residue of the 120 acres of land for his lifetime. The answers of the defendants denied that Roscoe I. Richards had a life estate in the property described in the bill and denied that he had any interest in the property and set up in full the provisions of the will of Thomas W. Richards, which disposes of the above property and which gave to Roscoe I. Richards and Zilpah Bell, equally, a certain 280 acres of land, including the land described in the bill of complaint herein, for and during the term of their natural lives only, and at their death one-half of said real estate to go to the issue of Roscoe and one-half to the issue of Zilpah in fee simple, provided "that if a judgment or execution should issue from any court which should be a lien. upon the said life estate of either of my children in said property, that in such case, the life estate of such child against whom such lien is created, shall cease and determine and the fee simple immediately vest in the issue of such child." The answers also set up that when execution was issued on the judgment of the complainant against Roscoe I. Richards, his life estate, under the provision of said will, immediately ceased and determined, and that Norman T. Richards, by his guardian, immediately took possession of the property and has been since then in possession of it and had rented the property to Roscoe. Exceptions were filed to the answers, and the defendants asked leave to amend

the answers by striking out the part excepted to, but later, during process of trial, they asked leave to stand by the original answers, and the court sustained the exceptions to the part of the answers referring to the will of Thomas W. Richards. The court also refused to admit said will in evidence when offered by defendants.

Previous to entering the decree appointing the commissioners the court heard a number of witnesses as to the value of the real estate in question and the value of improvements thereon, but refused to permit any of the witnesses to testify as to the value of the life estate of Roscoe I. Richards.

The court entered a decree finding that Roscoe I. Richards was the owner of a life estate in the 120 acres of land at the time of the sheriff's sale and that complainant became vested with an equitable title in the property by reason of the sheriff's sale, except the homestead of Roscoe therein, and that complainant was entitled to possession of the northwest quarter of the southwest quarter and the southeast quarter of the southwest quarter of section 30, and that upon failure of Roscoe to surrender possession of the 80 acres a writ of assistance should be issued. The court further found that Roscoe was entitled to a homestead in the southwest quarter of the southwest quarter of section 30, and that a fair cash market value of the 120 acres of land on the date of the sheriff's sale was $12,000; that Roscoe is forty-two years of age and that the present worth of his life estate in the whole above described real estate is $8064, and that the 40 acres in which he has a homestead is improved by a large modern dwelling, barn and outbuildings, and that the dwelling and outbuildings were at the date of sale, and are now, of the value of at least $4500, and that the value of the southwest quarter of the southwest quarter on the day of the sale, without improvements, was $2400. The decree then directs the sheriff to summon commissioners to appraise the 40 acres in which the decree

found there was a homestead, and if in their opinion the property could be divided without injury to the parties, that they set off so much of the 40 acres, including the dwelling house, as in their opinion would be worth $1000, and if in their opinion the property cannot be divided without injury, they should so report to the sheriff.

The appointment, oath and report of the commissioners were filed, and there was no reference made, either in the appointment, oath or report of the commissioners, to the life estate of Roscoe I. Richards in the property, and the report did not attempt to appraise or value the life estate of Roscoe.

Objections were filed to the report of the commissioners, which were overruled by the court and a final decree entered finding that the homestead could not be assigned and that the complainant tendered in open court $1000 in gold to Roscoe I. Richards and that he refused to accept the same and it was turned over to the clerk for his benefit and the defendants were directed to surrender possession of all the property to the complainant. From this decree an appeal has been perfected to this court.

It is appellants' contention that the court erred in finding that Roscoe I. Richards had a life estate in the property, and that under the provisions of the will of Thomas W. Richards his interest in the real estate ceased upon the issuing of the execution in question and he had no further interest in the property subject to execution. Even if appellants' construction of the will of Thomas W. Richards were the proper one, (upon which question we express no opinion,) it cannot avail them in the instant case, as in the partition suit, in which the court had jurisdiction of the subject matter and of Roscoe I. and Norman T. Richards, it was decreed that Roscoe had a life estate in the premises and Norman had the fee subject to such life estate. This adjudication was binding on them, their heirs and assigns and all persons claiming under them or either of them, and

it must operate here as an estoppel by verdict and constitute a binding determination of the exact interest of each party so far as this case is concerned.

It is also contended by appellants that even if Roscoe I. Richards did have a life estate in the property subject to execution, it was error for the court to hear evidence as to the value of the property previous to the appointment of the commissioners, and also error to enter a finding fixing the value of the life estate previous to such appointment. Appellee saw fit to have Roscoe I. Richards' interest in the property sold under the execution without having such interest appraised and the homestead of Roscoe I. Richards in the property assigned in compliance with the statute in such case made and provided, and whether or not he acquired any interest by his deed made as the result of such sale, and in what property he acquired such interest, if any, can only be determined, in the first instance, from the report of the commissioners appointed to make an appraisal and assign the homestead in a part or the whole of the property sold, if it was susceptible of such assignment. If Roscoe's interest in the property was of less value than $1000, then appellee acquired no interest therein by reason of the sale under his execution and such sale was void as to Roscoe. (*Green* v. *Marks,* 25 Ill. 204; *Barrett* v. *Wilson,* 102 id. 302.) If Roscoe's interest in the property was worth more than $1000, then the sale without setting off the homestead was not void, and appellee, as purchaser, got an equitable title to the excess in value of $1000, which he could enforce in a court of equity by having a homestead set off to Roscoe, or, if that is impracticable, by paying him $1000. (*Diets* v. *Hagler,* 309 Ill. 381.) The question of the value of the life estate of Roscoe in the property was a question, in the first instance, for the commissioners, and whether or not the homestead was susceptible of division was a fact not to be ascertained by the court but by the commissioners. (*Muller* v. *Inderreiden,* 79 Ill. 382.) The court in the de-

cree assumed the power of the commissioners previous to their appointment and entered a finding determining in advance the questions which it should have submitted to them.

It was also error for the court in its decree to limit the commissioners to the assigning of the homestead in the 40 acres, as the question as to the extent of the homestead was a question for the commissioners.

For the errors indicated the decree of the circuit court of Clark county is reversed and the cause remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*